Good morning, Your Honors. Steve Habachek, Federal Defenders, on behalf of Ms. Cosby Gullers. Your Honors, we have two points this morning. Our view is that this extradition is barred under both the Mexican and United States Statutes of Limitations. I'd like to first turn to the Mexican statute and the Court's order of October 12th. The first question posed in that is whether the State of Jalisco is prosecuting Gullers' crime ex officio or by private complaint or Correa, and whether and how this distinction affects the operation of the statute under Jalisco law. I'm going to return to this point a lot of times, but I just want to make it right now. The government bears the burden to show that extradition is proper in this case. There's a significant amount of ambiguity, and the Court obviously is focused on it with these two questions that have been posed. And ultimately, I don't think I'm going to give you definitive answers to any of these questions, but I think that the fact that there is ambiguity that precludes definitive answers means that we win because the government bears the burden here. There was nothing to stop them from offering additional evidence in the record to explain the interplay between Article 80 and the other articles. Suppose the panel were to conclude that we cannot tell from this record whether the Jalisco complaint is one that must be triggered by a victim complaint. Are you saying, A, we can't remand to the district court for specific findings, or B, that if we do, the record is frozen, the government is prohibited under some theory of jeopardy from offering additional evidence? Well, the second alternative is pretty much my suggestion with the proviso that, as I understand extradition law, there isn't really a jeopardy element to it. And what's your authority for your position, I take it, that if it is remanded to district court, the government would be prohibited from offering any additional information to support the extradition request? I think just normal jurisprudential concepts. These are issues that were raised... I guess my best case is all the cases that talk about when issues... I don't have a case for you, Your Honor. But let me explain why I think you should adopt that rule, which is that these issues were all raised below. There's nothing new that's being raised in this appeal. This issue was raised before the magistrate judge. It was raised in the petition for a writ of habeas corpus. What issue was raised? The issue with respect to the application of this particular statute of limitations. So the government had every opportunity to... Was there any discussion of Correa as opposed to denunciato or denuncius in the proceeding? Was that concept ever raised by either side? The way that it was litigated below was by using... It was litigated in the English language version. Your Honor, you used the word Correa in the order, and I thought, I don't even know what that is, as I was preparing. That's what it says in Spanish. It makes a distinction in the laws between denuncias. At least it appears to make a distinction. Well, the English translation that was provided by the Republic of Mexico just uses the term complaint. So I think that if there was a distinction that was crucial there, it was their obligation to bring it up. But we worked from below the English translation, where they used the word complaint. There was no dispute that what was filed in this case was a complaint. I also think that when we're talking about whether or not the case is proceeding ex officio or in the name of the complainants, the document that was provided by the Mexican government to claim that the statute of limitations was satisfied actually describes the complainants as co-plaintiffs. Now, plaintiff is an English legal term that means that you're a party to a particular action, not a person who is the victim of a crime. For instance, we have an indictment in a fraud case. There are people who are identified as victims, but the caption reads that the United States is the plaintiff. Well, I think it's Supplemental Excerpt of Record, page 26, that contains exhibit 27 to the ultimate package that was filed. And that document certifies that the statute of limitations has been complied with, but it does describe Mr. Craven and his co-plaintiffs. So that suggests to me that it is proceeding under the complaints, and indeed the complaints were initially filed, I guess, back in December of 2001. So I think that the answer to the first question is based upon the filing of these complaints and the description of the complainants as co-plaintiffs that it is being prosecuted as a private complaint. At least the record supports that inference. I think that the question of whether the statute of limitations was clearly raised below, although I can't claim that I believe that the term Correa versus Denunciado, those terms were explored below, but we did use the English terms that were provided to us by the Mexican government. So I think this issue has been raised. The government had abided the apple in order to demonstrate that this particular article didn't apply, and they simply didn't do it. So under that circumstance, I think that the court should direct that the writ of habeas corpus be granted and the extradition be dismissed. But getting back to the jeopardy question, as I understand extradition law, there would be nothing stopping the Mexican government from submitting another request for the extradition of Ms. Cosby. So I don't think that there would be jeopardy in the sense that Mexico's right to extradite would be forever lost if we prevail here and the court grants the relief that we're requesting. So why should they have to go through another proceeding if all they're going to do is make a clarification that, in terms of, in light of what the district court ruled in interpreting Mexican law, failed to appreciate a distinction, which is, and I'm just hypothesizing now, it just seems to me this is the issue that is certainly troubling me, as to whether or not, under the Mexican law, it makes a difference as to whether or not the Mexican government is going to grant an extradition. Whether the complaint has to be initiated by a party affected and that that party is under the short statute of limitations, or whether it falls under the broader part where the government doesn't have to have that complaint. The complaint could be there, but even absent the complaint, it has the authority to act within the longer statute of limitations. If I understand you, you're saying, well, there's ambiguity in this record. And it may well be that the Mexican government did a lousy job of making their case in the district court, and perhaps the district court would say, wait a minute, you know, you had every opportunity. But you're saying we should throw it out and then they can start all over again, and guess what, before another district judge, you go all over again, is that the thought? Well, I don't know. I mean, Your Honor says it's going to be, it might be a clarification. I don't know what it is that they would submit. I mean, and we may well respond to it with, you know, our own, but I think that when I say there's ambiguity in the record, what I'm saying is, is that in terms of what was submitted, there's ambiguity. But in terms of our argument below, our argument below was that Article 80 applied here and barred this prosecution. Did the district court operate from the legal conclusion that the alleged violation of Jalisco law had to be actuated by a victim complaint? As I understand the district court, what it did was it simply adopted the... You can't start with a yes or no? I don't believe so. No, it did not proceed from that. What legal proposition did it operate off of in concluding that the statute had expired under Mexican law? It deferred, I believe, to the government of Mexico's submission that said that the second statute of limitations had been complied with. That provision, I think, is the source of the problem here, is it just simply didn't address Article 80. The Mexican government submitted Article 80, translated Article 80, but in its certification simply failed to address it, but at the same time described Mr. Craven and the other individuals as co-plaintiffs. So I think facially Article 80 was implicated, but the Mexican government never addressed it, and so the district court, in adopting the Mexican government's approach, never addressed it either. Isn't the statute of limitations in Mexico eight years and nine months? Yes, I think that's about what the statute is for... And was there an arrest warrant issued by the Mexican authorities? Yes, there was. And when was that issued? The arrest warrant was certainly issued within the eight years, nine months. Isn't that arrest warrant a formal charge? Isn't that the way criminal actions can be instituted in Mexico? Well, that brings up an issue that is central to our second argument regarding whether or not the U.S. statute of limitations is complied with. The government offered no evidence that the arrest warrant from Mexico is the functional equivalent of instituting an information or finding a grand jury in this country. So the answer to your question is I don't know from this record whether or not that's the ultimate determination that is needed to begin a prosecution in Mexico equivalent to what is needed in this country. And that's important because this court is obliged to apply... files, and then the victim has to do that within, I believe, six months. And that wasn't done here. And then the other item you have is labeled denuncias, which is like a police report. And I'm not sure that starts any period of limitations running. And then the third item is the arrest warrant, which I understand that to be the filing of formal charges by the Mexican government. And that certainly happened within eight years and nine months. You're absolutely right about the fact that it happened within that period of time. What else is there? Well, I think this record supports the view that you needed to file the carrera within the statute of limitations. And whether it's six months or one year, they didn't meet that burden. I don't know that they have to do that. Well, I think there's an inference that can be drawn from this record that they do have to do that. And the government bears the burden to demonstrate that... Have you found any Mexican statute or law that says that the complainant has to file this carrera? That is a question that I can't answer. There's nothing in the record that says that this is the type of crime that must be prosecuted by carrera. Did you check it out? Well, I wasn't the lawyer until last week. So I wasn't involved in that portion. You got the queries from the court. Right, right. Now, I understand that. And I did the best I could to be able to answer them in terms of the record. But I didn't go outside the record and acquire additional information regarding Mexican law. And if the court remands, ultimately we'll do that. But I think that given that we raised the issue of the application of Article 80, the burden went to the government to demonstrate that it didn't need to comply with Article 80. And there's nothing in this record that permits that kind of determination. I would contrast that with this court's case in Theron where... There's a big law library down in San Diego. We've got a lot of books on Mexican law. I was certainly curious. I was trying to get ready to argue the case and get familiar with the record that we've got here. But I would like... When you get this type of an order, it tells you that the court's very much interested in the answers to those questions. Maybe you want to save your time and you can hear what your opponent says. I think I will do that. I would just like to make one brief point about the U.S. statute of limitations. I think that what was filed here, the arrest warrant, is most analogous to a United States complaint. A United States complaint does not toll the statute of limitations under 3282. So there was an obligation on the part of the United States and Mexican governments to come forward with evidence saying, well, even though this is like a United States complaint, which wouldn't toll the statute of limitations, this is all that we've got, and so therefore we ask that you find that it's the functional equivalent. There was no such request below. There was an objection made. So I think that this case is equally barred under the United States statute of limitations because neither an information was instituted nor a grand jury indictment was filed, nor was there any argument below that this proceeding in Mexico was the functional equivalent of either of those. And because that never happened, I think we're barred under both statutes. And if I may, I'd like to reserve the rest of my time. Good morning. May it please the Court. My name is Robert Chiaffa. I'm an assistant United States attorney, and I was the government's representative throughout the proceedings in this case. So if there's ambiguity in the record, it's your fault. I guess I can take responsibility for certain things in this matter. The government did present the Mexican request for extradition to the magistrate judge in the first instance. Would you just say the government does what? The government differs? Presented. Presented the government of Mexico's request for extradition to the magistrate judge in the first instance. Okay. All right. Now, were you aware that there's an arguable difference between a Correa and a Denuncias? No, Your Honor. The distinct ---- So since you're essentially acting as the agent for the Mexican government, is the counsel correct that basically they're stuck with the record that they enabled you to make on the significance, if there is, and there does appear to be some arguable distinction as to whether the prosecutor, in certain kinds of cases, arguably including fraud, can initiate on his own initiative and, therefore, subject to the longer statute of limitations, a fraud complaint, absent a private complaint by a person actually affected by the fraud? No, I do not agree that the United States is prohibited from introducing new evidence. In fact, Article 12 of the extradition treaty between the United States and Mexico specifically provides for the additional provision of evidence if there is a question to United States courts. The United States position in this matter, however, is that this court should not remand for additional evidence taking. There has been no showing that this other statute of limitations, if it to be so called, applies at all. In interpreting the extradition treaty between the United States and Mexico, the operative article is Article 7. Article 7 of the extradition treaty states that extradition is barred if prosecution for the offense would be barred by lapse of time. Well, the judge said, under his construction of the articles of Jalisco law, that there is this one circumstance that applies, which is that if the affected party doesn't file within six months, it disables the government from thereafter acting. So what are we supposed to look to to find out whether that's an erroneous interpretation? There is that language that's susceptible to that interpretation. Yes, Your Honor. Both the magistrate judge and the district judge did address this issue, and both judges found that the Chapter 7, the statute of limitations for a right to file a complaint, is irrelevant and not operative here, and that the appropriate Mexican code provision is Chapter 8, the statute of limitations of the criminal action itself. The courts based that not only on logic, since the operative provision of the treaty is whether the prosecution would be barred, but also the evidence submitted by the Mexican court itself. The Mexican court, in the supplemental excerpts of records that I included, submitted a detailed certification by the court where the charges are pending, explaining the statute of limitations that's applicable here. That court in Mexico, which is in the best position to know what the Mexican law is, calculated the statute of limitations under Chapter 8, statute of limitations of criminal action, and determined it to be eight years and nine months. So this is not a case where the U.S. courts are faced with an ambiguous Mexican code. We had submitted as evidence the declaration from the Mexican court itself, explaining Mexican law and calculating the statute of limitations. Can we tell from this record whether this charge is one that must be actuated by victim complaint? No. We cannot. If, in fact, this alleged crime has to be brought by victim complaint, then the statute is expired, right? I would not say that, Your Honor. There has been no showing, no evidence below in this record that the statute of limitations for rights to file a complaint has any effect at all on the extradition treaty provision dealing with the statute of limitations for prosecuting the case. And that's specifically what the district court found. The district court found that the argument about whether the complaint was late is not the relevant argument here at all. The only evidence in this record of whether the statute of limitations for prosecution of the offense was satisfied was the certification by the Mexican court itself. Is a court in the United States required to accept the conclusion of a foreign court without question, A, or, B, is it under an affirmative obligation to determine on its own whether under the treaty the statute has or has not expired? The court should defer under the principle of non-inquiry as to a foreign court's interpretation of its own law. That court is in the best position to determine whether or not its statute of limitations has expired. Suppose there's a law professor, a renowned academic out there somewhere, who is accepted by virtually everyone in academia and in the judicial system as the leading expert on interpretation of Mexican law. Suppose this individual filed an affidavit with the district court saying the crime for which extradition is sought in this case is one that must be triggered by a victim complaint within six months that did not occur here. If that person were to submit such an affidavit, there would still have to be made the next link that that is determinative or relevant in some way, that even if the victims filed their complaints too late, that that invalidates the extradition under Article VII. I mean, it's perfectly possible that it could be that the statute is the eight-year statute, that this question of whether it has to be triggered by a victim complaint or not is, to use your term, irrelevant. But we don't know that and we can't tell that from this record. Correct, Your Honor. And the point that the United States- So why shouldn't we remand to the district court and ask the district court to make specific findings of law and fact? Because the fugitive here had every opportunity below to introduce some evidence of the applicability of this other Mexican statute. The argument by the fugitive- Is the fugitive a term of art? It is in the extradition proceeding, Your Honor. I can say defendant if you'd like. It's Ms. Cosby in this case. She's not at large, is she? No, she's not. Okay. And she's responded, I take it, to all requirements to be in court? She's been in custody since her arrest. Okay. So she's in custody now? Yes, she is. Okay. The court should not remand. Ms. Cosby had every opportunity to introduce evidence that this other section of Mexican law applies, contrary to the Mexican court's own interpretation of its law. Just a minute. The statute requires that the offense for which extradition is sought has not, by virtue of an applicable statute of limitations, expired and is no longer valid. And a court to whom an extradition request is made is required to undertake that analysis, right? Yes. And the only evidence- In such a proceeding, it's the burden of the government, that is the United States of America, to establish that, right? Yes, sir. You could have put on a legal expert, right? The government did. Yes, I could have. The government introduced the certification from the Mexican government, which is competent evidence under the treaty, which explained- Yeah, but that's under this, your theory, which, you know, who knows? Somebody higher than us may say is right. But I have some question about the notion that a court to whom an extradition request is made has to accept that blindly on faith. I would hope that an Article III district court would conduct a more searching inquiry before they toss an American citizen into a foreign court. Well, your Honor- Wouldn't you? Yes, your Honor. However, there was no evidence presented below that this other Mexican statute applies at all. What we have here is the Mexican government giving the U.S. courts its statute of limitations and then applying its statute of limitations in its extradition request. The defense said, well, maybe this other statute of limitations applies. And that's all there is in the record below defense counsel's question of maybe this other statute applies. There was no evidence introduced before any court that this statute has any relevance at all to this inquiry. What's their burden other than to put the matter into question? Nothing. They have no burden in this matter at all. The question before the U.S. courts was whether Mexico complied with its treaty obligations. If Mexico did comply with its treaty obligations, the United States has an obligation to extradite. Here, Mexico gave the United States its statute of limitations. It provided the United States with the Mexican court's interpretation of its statute of limitations, explained the calculations, and found that the charges and the prosecution were within the statute. I can't speak for my colleagues on the panel. I don't find your argument convincing. Do you want to turn to whether to respond to the argument that's been made that if it does go back, the record is frozen, the government cannot present additional evidence? Yes, Your Honor. As I stated, Article 12 of the extradition treaty specifically provides for allowing additional evidence if the U.S. courts or U.S. authorities require additional evidence to make the determination. There has been no determination made that this other statute of limitations applies in any event, so the U.S. courts were not faced with a situation where it had to even analyze the applicability of this other statute dealing with victims' rights to file complaints. There has been no showing that even if that statute is applicable, it has any effect on the statute of limitations to bar the Mexican prosecutors from trying the case. So I do not wish to create a false construct here that if the right to file a complaint is somehow found to be violated, we still have no evidence that that makes any difference as to whether or not the statute of limitations for prosecution of this offense would be affected in any way. You know, it would be a different story if the district court in this case had said more or less in these words. The defense is the party opposing extradition has brought to the court's attention that the statute of limitations is not eight years and nine months, but six months, because this is the kind of crime that must be triggered, actuated, brought on by a victim complaint made within six months. I've examined the issue and determined, A, that requirement under another section of Mexican law does not apply to this crime, and, B, in any event, it has nothing to do with the eight-year statute of limitation citation of authority. We'd be dealing with a completely different record, wouldn't we? Yes, Your Honor, and I believe the district judge, Judge Miller, did indicate in his opinion that the statute of limitations for the rights of victims to file complaints is not controlling here. It is not the controlling inquiry, but rather the statute of limitation for prosecution of the offense is the controlling statute. So the district judge did make that determination. With respect to the second argument, whether or not the Mexican arrest warrant is the equivalent of a United States indictment, there has been no law requiring a foreign requesting authority to commence criminal proceedings in the way that the United States does. In this case, the statute of limitations, as both parties agree, is five years, if this were a U.S. crime. In this case, the Mexican arrest warrant was issued in December of 2002, clearly within five years of the crime here. Ms. Cosby does not contest the fact that the Mexican arrest warrant was issued within five years. She argues, rather, that the Mexican arrest warrant is not the same as a U.S. indictment. This Court has held in Imami, following the Seventh Circuit's approach, that U.S. courts will not look behind the charging instruments of the foreign government and will not inquire into the adequacy of a charging instrument. So unless the Court has any further questions as to that issue, I will rest on my boots. What does the arrest warrant say? The arrest warrant, as indicated in the excerpts of record here, is similar to an opinion by a U.S. court. It's over 25 pages in length, and it's an analysis of the strength of the evidence. And the Court, at the end of this 25-page opinion, in the last two paragraphs, said, in conclusion, I find the evidence sufficient to go forward, and I hereby issue a warrant for the arrest of Ms. Cosby and the co-defendants in that case. So the arrest warrant is not a one-page warrant like we have here, but rather the end of a lengthy court opinion analyzing the strength of the evidence. Thank you. In response to the argument that we didn't put forward any evidence below that Article 80 might be applicable, I disagree for a number of reasons, although I would point out that, as has been made clear, the government bore the burden here. But there are three reasons why this record supports an inference that Article 80 applies, at least three. Number one is the Mexican government submitted it. Article 10 requires the submission of the legal provisions relating to limitations. Well, in response to that requirement, the Mexican government submitted Article 80. Not only did they submit it in Spanish, they submitted it in English as well. So that represents a determination, at least from an inference that can be drawn from the record, a determination on their part that that is an applicable statute, one of the legal provisions that matters here. There's only one remedy spelled out in all the provisions that were provided for statute of limitations violations, and that's for the prosecution to be extinguished. There's no distinction drawn, at least in the terms that we've been provided, that Article 79 and 78's remedy doesn't apply to a violation of Article 80. So number one, there's an inference to be drawn that Article 80 applies because the Mexican government says that it applies. Number two, there were complaints actually filed in this case that are provided in the excerpts of record in supporting the warrant. So we know that there are complaints at issue here. Again, that supports an inference of the application of Article 80. And then third, the certification that says that the statute of limitations was complied with says that Craven and the other people complaining are co-plaintiffs, which suggests that this is a case being prosecuted by way of private complaint or Correa. So I think all three of those things supported an inference that this prosecution was one to which Article 80 was applicable. And there's nothing in this record that contradicts that inference. The submission by the Mexican government simply doesn't say anything about Article 80. It doesn't even say that Article 80 is inapplicable here. So the kind of district court findings that Judge Hawkins was referring to could never have been made here because there's nothing in the record that says that from which a district court could make that finding because the Mexican certification simply didn't address it. So that's why I think that this record supports an inference that extradition is not proper. Now, with respect to Article 12 that Mr. Chiaffa brought up, it does allow for the introduction of additional evidence, but it allows that on the request of a party. They made no request below. So effectively they've waived it because we raised the issue of whether or not Article 80 applied, both in the magistrate judge and in the petition for a writ of habeas corpus. Are you suggesting we're powerless to request it? I'm suggesting that given that the government has waived it under traditional waiver principles, that this court should apply those to the government as it often does to the defense. They had the opportunity to request it. They didn't do it. We raised the issue. They simply made no effort to meet it. Now, the government also brought up the Amami case, and I think there's an important distinction in that case. In that case, it turned on how this court should interpret the word charged in a provision of the treaty. It was not a statute of limitations provision, and I think the district court's reliance on Amami was improper in this case because the statute of limitations provision in this treaty requires that it comply with both Mexican law and United States law. So this court is obliged to apply United States law in determining whether or not has been complied with. Amami is an interpretation of a provision of a treaty that doesn't say apply United States law, so it is subject to the traditional rules of treaty interpretation, whereas the obligation to apply United States law is not. Now, with respect to the lawyer who actually handled the case, he and his wife, they recently had a baby who was born prematurely and had a lot of medical issues and has just recently gotten home, and he didn't want to leave town. So I'm pinch-hitting for him. Okay. But he did an excellent job below, and I'm very proud of the record he made. If Your Honors don't have any further questions, I'll submit. Thank you. Thank you. This matter is submitted.
judges: Pregerson, Hawkins, Fisher